**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4925**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BRAD CHRISTOPHER HULL,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, District Judge.  (6:06-cr-00013-nkm)

Submitted:  February 8, 2010          Decided:  March 5, 2010

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Steven Jay Rozan, STEVEN JAY ROZAN & ASSOCIATES, Houston, Texas, for Appellant.  Julia C. Dudley, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brad Christopher Hull was convicted after a jury trial of one count of conspiracy to distribute and to possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Hull to 292 months' imprisonment. Hull appeals, asserting that the district court erred in denying his Fed. R. Crim. P. 29 motions for judgment of acquittal, admitting witness testimony, instructing the jury, and calculating his base offense level under the U.S. Sentencing Guidelines Manual (2006) without a jury finding the facts supporting that level beyond a reasonable doubt. We affirm.

This court reviews de novo the district court's denial of Rule 29 motions for judgment of acquittal. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). The jury's verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to

2

support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, this court considers both circumstantial and direct evidence and allows the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). This court does not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

To convict Hull of conspiracy to distribute and to possess with the intent to distribute cocaine, the Government was required to establish beyond a reasonable doubt that: (1) two or more persons agreed to distribute and possess with the intent to distribute the drug, and (2) Hull knew of the conspiracy and (3) "knowingly and voluntarily became a part" of the conspiracy. United States v. Yearwood, 518 F.3d 220, 227 (4th Cir.) (internal quotation marks omitted), cert. denied, 129 S. Ct. 137 (2008). "The gravamen of the crime is an agreement to effectuate a criminal act." Id. at 226 (internal quotation marks omitted). A defendant may be convicted of conspiracy without knowing all of its details, as long he enters

3

the conspiracy understanding that it is unlawful and willfully joins in the plan at least once. See United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

Hull contends that the evidence is insufficient to support his conviction because Government witnesses gave inconsistent and unbelievable testimony. This challenge fails, however, because witness credibility is not subject to appellate review, Wilson, 118 F.3d at 234, and, as evidenced by its finding of guilt, the jury resolved any conflicts in testimony in favor of the Government and determined the Government's witnesses to be sufficiently credible, see Manbeck, 744 F.2d at 392. Further, after review of the record, we conclude that there was sufficient evidence from which a jury could conclude that Hull agreed with others to distribute and possess with the intent to distribute cocaine and knowingly and voluntarily participated in a scheme to do so. We therefore conclude that the district court did not err in denying Hull's Rule 29 motions.

Next, Hull argues that the district court abused its discretion under Fed. R. Evid. 404(b) by allowing a witness to testify about his prior cocaine base purchases from Hull. This court typically reviews a district court's evidentiary rulings for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). An abuse of discretion occurs only

4

when the district court "acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).

Although not admissible to prove the defendant's character, evidence of other "crimes, wrongs, or acts" may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004). Rule 404(b) is a rule of inclusion that allows evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. See United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." Hodge, 354 F.3d at 312. "Additionally, the probative value of the evidence must not be substantially outweighed" by its prejudicial effect. Id.

We conclude these elements are satisfied here. Evidence of Hull's prior drug sales was not admitted for the purpose of establishing his character. Hull was charged with conspiracy to distribute and to possess with the intent to distribute cocaine, and evidence of Hull's prior sales of cocaine base was relevant to Hull's knowledge, identity as a

5

member of the conspiracy, and the absence of mistake. To convict Hull of the conspiracy charge, the Government was required to show that Hull knew of the conspiracy and knowingly and voluntarily became a part of it. Hull's prior sale of cocaine base to a repeat buyer over two years was relevant and necessary to demonstrating that Hull had knowledge of drug sales and that his participation in the conspiracy was not an accident or mistake. Hull does not assert that the witness testimony was unreliable. Finally, we conclude that the probative value of the evidence was not substantially outweighed by confusion or unfair prejudice. Although this information was damaging to Hull, it was not unfairly prejudicial, nor did it "subordinate reason to emotion in the factfinding process." United States v. Gray, 405 F.3d 227, 239 (4th Cir. 2005) (internal quotation marks omitted). Accordingly, we conclude that the district court did not abuse its discretion in admitting the disputed testimony under Rule 404(b).

Hull also asserts that the district court's instructions to the jury violated United States v. Collins, 415 F.3d 304, 311-15 (2005) (holding that in order for a district court to determine which of the three graduated penalty subsections of 21 U.S.C. § 841(b) (2006) applies to a defendant convicted of a § 846 drug conspiracy, the jury must be instructed to determine the threshold quantity of drugs

6

attributable to each conspiracy defendant on trial). Because Hull failed to object to the district court's instructions on this ground, we review this claim for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). To meet this standard, Hull must show: (1) error existed; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 731-34. Even if Hull makes this showing, we will exercise our discretion to notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and alteration omitted). Hull fails to establish plain error, however, as the district court's instructions directed the jury to find the amount of cocaine attributable to Hull. Therefore, this claim fails.

Finally, we conclude that Hull's Sixth Amendment rights were not violated when the district court calculated Hull's base and total offense levels and resulting Guidelines range based on facts it found by a preponderance of the evidence. Because the district court appropriately treated the resultant Guidelines range as advisory, and since Hull's sentence was within the statutory maximum authorized by the jury's verdict, we find that the district court fully complied with the Sixth Amendment. See United States v. Booker, 543 U.S. 220, 232-44 (2005) (holding that judge-found sentence

7

enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); see also Rita v. United States, 551 U.S. 338, 352 (2007) (recognizing that its "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (recognizing only that "the Guidelines must be advisory, not that judges may find no facts"), cert. denied, 129 S. Ct. 950 (2009).

We therefore affirm the district court's judgment and deny Hull's motion seeking leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED